**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RATINGSOURCE, INC.,**

       **Plaintiff,**

**-vs-**                                  **Case No. 6:06-cv-142-Orl-28DAB**

**SOFTLINK SYSTEMS, INC., MARL**
**ATKINS, KRISTY HORTON, ,**

       **Defendants.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR ISSUANCE OF ORDER TO SHOW CAUSE WHY PLAINTIFF SHOULD NOT BE HELD IN CIVIL CONTEMPT (Doc. No. 21)**
>
> **FILED:** February 7, 2007
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

> **MOTION:** **MOTION TO COMPEL DISCOVERY RESPONSES (Doc. No. 22)**
>
> **FILED:** February 12, 2007
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

As for Defendants' motion, Plaintiff avers that all corporate documents have been made available to Defendants via a database website disclosed to counsel at a January 30 meeting, and made

available continuously since that date.  Defense counsel states, however, that efforts to obtain reports from Plaintiff's database were unsuccessful "on that date" and "regardless Defendants should not be required to search for documents responsive to their requests -- it is Plaintiff's obligation to supply them or identify them for purposes of copying by the Defendants." (Doc. No. 2 at 5).

The newly revised Rule 34, Federal Rules of Civil Procedure, speaks directly to the duties and obligations of parties requesting or producing electronically stored data.  It is clear from the motion and response that the parties have not engaged in the required conference with respect to production of electronically stored data and whether the database provides information that is "reasonably useable." *See* Commentary to Rule 34, 2006 Amendment.[1]  Therefore, the motion is **denied, as premature** and the parties are **directed** to confer, in compliance with the federal and local rules, regarding production.  If, and only if, the parties have conferred and all good faith efforts have been exhausted, the parties may return to the Court with *specific* areas of disagreement and the Court will resolve same.  The Court cautions counsel that, as noted in the Commentary, if counsel cannot agree and the Court resolves the dispute, "the court is not limited to the forms initially chosen by the requesting party, stated by the responding party, or specified in this rule for situations in which there is no court order or party agreement."

As for Plaintiff's motion, Defendants contend that all non-privileged information has been provided, but "trade secret" information has not been provided as Plaintiff's counsel is an officer of

---

[1] Note, too, that the Rule provides that unless the parties otherwise agree, or the court otherwise orders, a party who produces documents for inspection shall produce them "as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request . . ."Rule 34(b)(i).  This underscores the importance of the parties conferring with respect to an acceptable document production plan that suits the particular circumstances presented.  Here, even if the Court were inclined to decide for the parties, neither party has provided the Court with any information as to the scope of the production and the need or burden (if any) on the respective parties to "organize and label" the documents at issue.  Under these circumstances, it is the parties, and not the Court, that are in a better position to steer their own course of discovery.

Plaintiff corporation, and thus, unable to see the documents per the parties' Confidentiality Agreement. The response also indicates that the parties have not had a good faith Local Rule 3.01(g) conference, as required, in order to resolve the issue without Court interference. As above, this is precisely the kind of issue counsel should be resolving amongst themselves, as it calls for the Court to interpret an agreement made by the parties.[2] The motion is therefore **denied, without prejudice** to renewal only *after* the parties confer and exhaust all good faith efforts to resolve the dispute.

**DONE** and **ORDERED** in Orlando, Florida on February 26, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[2] The Court advises counsel that the Court's interpretation of the agreement may well be different than the current interpretation of either party, and, should the parties defer to the Court, it is the Court's interpretation which will ultimately control.